TüRLey, J.
delivered the opinion of the court.
This was an application on the part of Samuel Turney, in ' *272 the Circuit Court of White county, to quash an execution in favor of the Bank of Tennessee against him and James Jenkins, A.’ W. Dibrell and Anthony Dibrell, upon the following grounds:
The judgment, upon which the execution was issued, had been rendered upon an accommodation note discounted by the Bank, drawn by James Jenkins, and endorsed, first, by A. W. Dibrell and Anthony Dibrell, and lastly, by Samuel Turney, the defendant.
When the execution came to the hands of the sheriff of White county, Samuel Turney procured the sheriff to levy it upon several negroes as the property of Anthony Dibrell, which were of sufficient value to satisfy the execution, if they were the property of Dibrell; but this was a disputed question, and the sheriff demanded and received from Turney a bond of indemnity before he would make the levy.
Upon the facts of this levy being made known to the proper officers of the Bank by the sheriff, he was by them forbidden to sell said negroes, and the same was so returned. Afterwards the Bank caused an alias execution to be issued, which was superseded by Turney, and on his motion, the execution was quashed, upon the ground, that the previous levy was a satisfaction thereof. Upon the trial the Bank proposed to prove that the negroes levied upon were not the property of Anthony Dibrell, but the court refused to hear the proof.
WeRhink the Circuit Judge erred, both in quashing the execution, and in rejecting the proof. The plaintiff, of necessity, must have the control of his own execution, and shall not be made a trespasser upon the rights of others, by an act of the defendant. Neither the sheriff nor the defendant in the execution, will be permitted to involve the plaintiff in a law suit, without his consent, by levying upon the property of a third person, who is no party to the execution; if the title to the property, proposed to be levied upon, be of so doubtful a character, that the sheriff is unwilling to levy without indemnity, and the plaintiff be unwilling to risk himself by giving it, a co-defendant has no right to do it for him, and he may stop the sale, if he please, and the co-defendant must seek redress against *273 the property himself, by obtaining a judgment in his own name and running his execution thereon.
But, further more, it has never been held, that a levy of an execution upon property which does not belong to the defendant in the execution, but a third person, is a satisfaction of the execution; and when the Bank proposes to prove that the ne-groes levied upon were not the property of Anthony Dibrell, the Circuit Judge should have heard the proof.
Let the judgment of the Circuit Court be reversed, and the petition for a supersedeas be dismissed.